IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 6:13-cr-00228-AA-1 |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| CHRISTOPHER LYN SPARKS, | |
| Defendant. | |

AIKEN, District Judge:

Before the Court is defendant Christopher Lyn Sparks' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (doc. 34). The Court held oral argument on the motion on August 9, 2021. Doc. 38. For the following reasons, the motion is DENIED.

## STANDARDS

Generally, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25

Page 1 – OPINION AND ORDER

(2010). Compassionate release under § 3582(c)(1)(A) provides an exception in rare cases. Until 2018, § 3582 allowed compassionate release only upon a motion by the Bureau of Prisons ("BOP"). With the passage of the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (Dec. 21, 2018), Congress authorized courts to modify a defendant's sentence on a motion filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

Under § 3582(c)(1)(A), a court may reduce a defendant's sentence if it finds that two conditions are met: (1) that "extraordinary and compelling reasons warrant such a reduction" and (2) "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" If the court finds that those conditions are met, before granting a sentence reduction, it must "consider[] the factors set forth in [18 U.S.C.] § 3553(a) to the extent applicable[.]" 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam) ("[A]lthough a district court must perform this sequential inquiry before it *grants* compassionate release, a district court that properly *denies* compassionate release need not evaluate each step." (Emphases in original.)).

The Sentencing Commission's policy statement regarding sentence reductions under § 3582(c)(1)(A) is found at U.S.S.G. § 1B1.13. The policy statement identifies categories of extraordinary and compelling reasons, including the defendant's age,

medical conditions, and family circumstances. U.S.S.G. § 1B1.13 cmt. n.1(A)-(C). It also requires courts to find that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)[.]" *Id.* § 1B1.13(2). But this policy statement, which has not been updated since the First Step Act amended § 3582(c)(1)(A), applies only to motions filed by the BOP Director on behalf of a defendant. *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021). On a defendant's direct motion for compassionate release, the policy statement "may inform a district court's discretion . . . , but [it is] not binding." *Id.* As a result, the court may consider any extraordinary and compelling reason for release that a defendant might raise. *Id.*

## DISCUSSION

In 2007, the Court sentenced defendant to 51 months' imprisonment and three years' supervised release for possessing child pornography. *See* Doc. 17 in *United States v. Sparks* ("*Sparks I*"), 6:06-cr-60036-AA-1. While on supervision for that offense and after he had completed sex offender treatment, defendant used a tablet to receive and upload child pornography. In 2013, after pleading guilty to one count of possession of child pornography and admitting to supervised release violations, defendant was sentenced to 132 months' imprisonment and lifetime supervision in this case and 12 months' imprisonment for the supervised release violation to be served consecutively. Doc. 25; Doc. 42 in *Sparks I*. Defendant is serving his sentence at Federal Correctional Institution ("FCI") Lompoc and has a projected release date of April 1, 2023.

Because the warden denied defendant's request for compassionate release on July 24, 2020, doc. 34 ex. A, the Government concedes that this motion is properly before the Court.

Defendant asks the Court to reduce his sentence to time served and release him to the Northwest Regional Reentry Center ("NWRRC") in Portland. He asserts that his medical conditions and need to care for his elderly mother present extraordinary and compelling reasons for this sentence reduction. Defendant is a 56-years-old COVID-19 survivor, with stage 2 hypertension, high cholesterol, chronic ear infections, and a history of cellulitis and Methicillin-resistant Staphylococcus aureus ("MRSA") infection, which he asserts increase his risk of severe illness or death from another COVID-19 infection.[1] Defendant also has two painful hernias that have required surgery for over a year. Upon release from the NWRRC, he would like to live with and care for his 86-year-old mother in Eugene, Oregon. She previously relied on defendant's brother to buy her groceries, run errands, and assist her with her finances and daily activities, but defendant's brother was recently diagnosed with leukemia and does not have the capacity to care for her anymore.

Although conditions that increase a defendant's risk of severe illness or death and family circumstances like defendant's may present extraordinary and compelling reasons for a sentence reduction, the Court cannot find that defendant's

---

[1] Defendant also asserts that obesity increases his risk from COVID-19, but his medical records indicate that his BMI is well within the range that the CDC considers "normal." Defendant is 5'4", doc. 34 ex. B at 19, and weighed 140 pounds on February 16, 2021, *id.* at 6, which would put his BMI at 24 kg/m². *See Adult BMI Calculator*, CTRS. FOR DISEASE CONTROL & PREVENTION (Sept. 17, 2020) https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/english_bmi_calculator/bmi_calculator.html (last visited Aug. 9, 2021) (assigning "Normal" "weight status" to a BMI of 18.5 to 24.9, "Overweight" to 25.0 to 29.9, and "Obese" to 30.0 and above)

Page 4 – OPINION AND ORDER

circumstances warrant reducing his sentence to time-served, especially after considering applicable sentencing factors under § 3553(a).

Currently, BOP is reporting that there are no confirmed, active COVID-19 cases at FCI Lompoc, and defendant is fully vaccinated against COVID-19. *COVID-19 Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Aug. 9, 2021). At the same time, the May 2021 Report of Dr. Homer Venters, the court-appointed expert in *Torres et al. v. Milusnic et al.*, No. 2:20-cv-04450-CBM-(PVCx), indicates that many conditions that led to mass COVID-19 outbreaks at FCI Lompoc in 2020 are still present. Doc. 34 Ex. F. And defendant's vaccination status is not a guarantee against infection from the Delta variant of the COVID-19 virus, which is now the predominant strain in the United States. *Delta Variant: What We Know About the Science*, CTRS. FOR DISEASE CONTROL & PREVENTION ("CDC"): COVID-19 (Aug. 6, 2021) https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html (last visited Aug. 9. 2021). But defendant's only clear risk factor for severe illness from COVID-19 is his hypertension. *See People with Certain Medical Conditions*, CDC: COVID-19 (May 13, 2021) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 9, 2021) ("Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and *possibly high blood pressure (hypertension)* can make you more likely to get severely ill from COVID-19." (emphasis added)). Chronic ear and skin infections and high cholesterol are not CDC-recognized COVID-19 risk factors. *Id*.

In this case, defendant's family circumstances cannot combine with his COVID-19 risk to present extraordinary and compelling reasons for a sentence reduction because defendant's plan to take on the role of live-in caretaker would not be conducive to his success on release or to community safety. As the Court explained at the hearing, defendant needs to prioritize self-care upon release. Defendant suffered physical and sexual abuse as a young child, has struggled with mental health conditions throughout his life, and reoffended while on intense supervision and after participating in over a year of sex offender treatment. Defendant explained that the underlying offense was self-sabotage and a cry for help. Given defendant's high level of need and the current state of resources available in the community after a year and a half of the pandemic, the Court does not believe that it could fashion a constellation of services adequate to support defendant on supervision and ensure public safety. Accordingly, the Court finds that the § 3553(a) factors, and particularly the nature and circumstances of defendant's offense and defendant's characteristics and history, weigh against defendant's requested sentence reduction.

Although the rare and extraordinary nature of compassionate release constrains the Court's ruling on the present motion, the Court commends defendant for his work to better himself while incarcerated and for the insight he showed in his letter to the Court and statements at the hearing. Accordingly, the Court recommends that BOP transfer defendant to a residential reentry center at the earliest practicable time to allow him the maximum amount of time in community corrections for his transition out of custody and back into the community. *See Sacora v. Thomas*, 628

Page 6 – OPINION AND ORDER

F.3d 1059, 1061–62 (9th Cir. 2010) (recognizing that 18 U.S.C. §§ 3621(b) and 3624(c) "govern the BOP's authority to place inmates in its custody in RRCs"); 18 U.S.C. § 3621(b)(4)(A)–(B) (authorizing BOP to "designate the place of the prisoner's imprisonment" upon consideration of, in pertinent part, "any statement by the court that imposed the sentence concerning the purposes for which the sentence to imprisonment was determined to be warranted; or recommending a type of penal or correctional facility as appropriate").

## CONCLUSION

Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (Compassionate Release) (doc. 34) is DENIED without prejudice to its renewal if circumstances change.

IT IS SO ORDERED.

Dated this <u>10th</u> day of August 2021.


<u>        /s/Ann Aiken        </u>

Ann Aiken
United States District Judge

Page 7 – OPINION AND ORDER